UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIEL KLEINPETER AND<br>WADE ESTEVE | CIVIL ACTION |
| VERSUS | |
| MSGT. TYRONE KILBOURNE, ET AL. | NO. 13-00357-SDD-RLB |

### RULING

Before the Court is a *Motion to Dismiss Pursuant to FRCP Rule 4(m)*[1] filed by Defendants, M.Sgt. Jackson, M.Sgt. Landry, and Sgt. Andyelle. Plaintiffs, Gabriel Kleinpeter and Wade Esteve, have filed a *Memorandum in Opposition*[2], and Defendants have filed a *Reply*.[3] The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331. For the following reasons, the Defendants' *Motion to Dismiss* is DENIED.

**I.   BRIEF BACKGROUND PROCEDURAL HISTORY**

Plaintiffs are inmates currently incarcerated at Dixon Correctional Institute (DCI).[4] They allege that on October 28, 2012, they were cell mates at DCI who were subject to physical abuse and being sprayed with chemicals at the hands of Defendants, current and former DCI guards.[5] Later that year, Plaintiff Kleinpeter alleges that the Defendants harassed and retaliated against him for filing ARPs against the Defendants for their

---

[1] Rec. Doc. 37. Sgt. Andyelle is no longer an employee of DCI. Rec. Doc. 10.
[2] Rec. Doc. 50.
[3] Rec. Doc. 52.
[4] Rec. Doc. 1, p. 2.
[5] Rec. Doc. 1, p. 3. In their *Complaint*, Plaintiffs specifically identify the following persons as Defendants in this case: M.Sgt. Tyrone Kilbourne; M.Sgt. Jackson; M.Sgt. Landry; M.Sgt. Andyelle; and Warden Steven Radar. Rec. Doc. 1, pp. 2-3. Defendants' pending motion only pertains to M.Sgt. Jackson, M.Sgt. Landry, and Sgt. Andyelle.

actions.⁶ On June 4, 2013, Plaintiffs filed the pending lawsuit under 42 U.S.C. § 1983 for damages stemming from Defendants' alleged use of corporal punishment, unnecessary and/or excessive force, wanton or reckless disregard, and malice or willfulness to cause Plaintiffs injury.⁷

On April 15, 2015, Defendants M.Sgt. Jackson, M.Sgt. Landry, and Sgt. Andyelle filed the pending motion alleging they were not properly served within 120 days of the filing of this suit. They seek dismissal due to this defect under Rule 4(m) of the Federal Rules of Civil Procedure.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

And yet, the Fifth Circuit has also joined a majority of the circuits in holding that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause."⁸ A plaintiff makes a showing of good cause for delay "'when a good faith attempt is made to effectuate service, but the service nonetheless fails to satisfy the requirements of Rule 4.'"⁹

---

⁶ Rec. Doc. 1, pp. 5-6.
⁷ Rec. Doc. 1, pp. 12-13. Plaintiffs claim that as a result of Defendants' actions, they have suffered multiple physical and prolonged injuries, pain and suffering, mental and emotional injuries, and medical and pharmaceutical expenses. Rec. Doc. 1, p. 14.
⁸ *Thompson v. Brown*, 91 F.3d 20, at 21 (5th Cir. 1996).
⁹ *Green v. East Baton Rouge Parish School System*, 2013 WL 5592364, at (M.D.La. Oct. 9, 2013)(quoting *Tuggle v. MMR-AEI Constructors, Inc.*, 2008 WL 3983847 (M.D.La. Aug. 27, 2008) (quoting *Murungi v. Simmons*, No. 01-2435, 2001 WL 1414963 at *1 (E.D.La. Nov. 9, 2001)).

Moreover, "each case must be taken on its own particular facts to determine whether a good faith effort to effectuate service has been made."[10]

It is undisputed that these three Defendants were not served within 120 days of the filing of the Plaintiffs' *Complaint*. Defendants are firm in their position that Plaintiffs' claims must be dismissed without prejudice due to this defect, because there is no good cause for Plaintiffs' failure to comply with Rule 4(m). Defendants buttress their argument with the fact that even when granted an extension of time to perfect service last August, Plaintiffs still failed to effectuate service. In response, Plaintiffs argue that they attempted to execute service on Defendants within the permissible time delays, and that their inability to perfect service is largely attributable to Defendants who have avoided service of process "to make the procedure arduous, time consuming and expensive."[11]

Upon a closer examination of the record, however, it is evident to the Court that Plaintiffs have repeatedly put forth a good faith effort to properly effect service, via waiver of service, by seeking extensions of time for service from the Court, and by seeking the assistance of the U.S. Marshal's Service.[12] Nevertheless, these attempts failed to materialize largely because Plaintiffs did not have the Defendants' full names (i.e., first names and proper spellings), which was necessary to perfect service.[13] On February 26, 2014 and March 13, 2014, Defendants submitted their responses to Plaintiffs' written discovery which contained this information.[14] The record further

---

[10] *Chilean Nitrate Corp. v. M/V Hans Leonhardt*, 810 F. Supp. 732, at 735 (E.D.La. 1992).
[11] Rec. Doc. 49-1, p. 2.
[12] Rec. Doc. 6; Rec. Doc. 7; Rec. Doc. 10; Rec. Doc. 12; Rec. Doc. 13; Rec. Doc. 15; Rec. Doc. 22.
[13] Rec. Doc. 19. Comment by U.S. Marshal on Summons states: "DOC Jackson & Landry: unable to serve w/o last name."
[14] Rec. Doc. 31; Rec. Doc. 32.

reflects that on April 18, 2014, Plaintiffs submitted summonses for these Defendants,[15] but to date, service has only been perfected on M.Sgt. Jackson and M.Sgt. Landry.[16]

Considering the specific facts of this case, the Court finds that Plaintiffs' repeated good faith efforts to perfect service satisfies the necessary showing of good cause under Rule 4(m). Accordingly, Defendants' *Motion* shall be denied and Plaintiffs shall be afforded an additional thirty (30) days to perfect service on Sgt. Andyelle, as he has yet to be properly served.

### III. CONCLUSION

Accordingly, Defendants' *Motion to Dismiss Pursuant to FRCP Rule 4(m)*[17] is hereby DENIED.

Signed in Baton Rouge, Louisiana, on May 16, 2014.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. 41; Rec. Doc. 42; Rec. Doc. 43.
[16] Rec. Doc. 55; Rec. Doc. 56. Summonses were returned executed for M.Sgt. Jackson and Sgt. Landry on April 24, 2014.
[17] Rec. Doc. 37.

1485     4