UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIEL KLEINPETER AND WADE ESTEVE | CIVIL ACTION |
| VERSUS | NO. 13-357-JWD-RLB |
| TYRONE KILBOURNE, et al. | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss (R. Doc. 68) unserved Defendant, Sgt. Babington Anyaele, under Rule 4(m) of the Federal Rules of Civil Procedure. The Motion was filed by served Defendants, Warden Steven Radar, Lt. James Nortsworthy, MSgt. Kerrick Jackson, MSgt. David Landry, and Sgt. Tyrone Kilbourne. Plaintiffs timely filed an Opposition (R. Doc. 76) to Defendants' Motion. For the reasons given below, Defendants' Motion to Dismiss Sgt. Babington Anyaele is **DENIED**.

**I.   BACKGROUND**

Plaintiffs are inmates at Dixon Correctional Institute (DCI) in Jackson, Louisiana. Plaintiffs filed this action on June 4, 2013 for constitutional violations made actionable by 42 U.S.C. § 1983 and violations of state law. (R. Doc. 1). Plaintiffs filed their initial Complaint (R. Doc. 1) against identified Defendants, MSgt. Tyrone Kilbourne and Warden Steven Radar; and unidentified Defendants, MSgt. Unknown Jackson, Sgt. Unknown Landry, Sgt. Unknown Andyelle, and Lt. Unknown Northsworthy. (R. Doc. 1). Defendants were all employed by the Louisiana Department of Public Safety and Corrections (LDPSC) at DCI when the events underlying Plaintiffs' causes of action occurred.

Plaintiffs only recently learned the full names of the unidentified Defendants through discovery in March of 2014 (R. Doc. 62 at 3 & n.14). With the unidentified Defendants' full names, Plaintiffs were able to effect service on MSgt. Landry, Lt. Nortsworthy and MSgt. Jackson at DCI on April 24, 2014. (R. Docs. 55-57). Sgt. Anyaele could not be served at DCI, however, because he is no longer an employee of DCI. (R. Doc. 76 at 3); (R. Doc. 10 at 2). On May 16, 2014, the Court granted Plaintiffs an additional 30 days to serve the remaining Defendant, Sgt. Anyaele. (R. Doc. 62). On June 11, 2014, Plaintiffs submitted another summons (R. Doc. 66) to serve Sgt. Anyaele at "what is thought to be his home address." (R. Doc. 76 at 3). It is unclear when Plaintiffs learned of Sgt. Anyaele's "home address"; however, it is clear that a summons has not been issued and an executed summons has not been returned or filed in the record.

On July 23, 2014, Defendants filed the current Motion to Dismiss Sgt. Babington Anyaele "pursuant to FRCP Rule 4(m) on the grounds that Plaintiffs have failed to serve the complaint within 120 days of filing." (R. Doc. 68 at 1).

## II. APPLICABLE LAW

Rule 4(m) of the Federal Rules of Civil Procedure requires service to be made within 120 days of filing the complaint. However, if a defendant is not served within 120 days, Rule 4(m) provides that:

> [T]he court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Interpreting the Rule's good-cause component, the Fifth Circuit, along with a majority of its sister circuits,[1] has "found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20 at 21 (5th Cir. 1996). But when good cause is shown, Rule 4(m) requires that the court grant additional time to serve the complaint. A showing of good cause requires "*at least* as much as would be required to show excusable neglect . . . and some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Ultimately, each "case must be taken on its own particular facts" in determining the existence of good cause. *Chilean Nitrate Corp. v. M/V Hans Leonardt*, 810 F. Supp. 732, 735 (E.D. La. 1992).

## III. DISCUSSION

There is no question that Sgt. Anyaele was not served within 120 days of filing the Complaint. Defendants insist that this defect warrants dismissal of Plaintiffs' claims against Sgt. Anyaele because there has been no showing of good cause or any "good faith efforts by plaintiff to effectuate service." (R. Doc. 68-1 at 2). Defendants bolster their argument by pointing out Plaintiffs' failure to serve Sgt. Anyaele, despite being granted (R. Docs. 61, 62) an extension of time by the Court (R. Docs. 68-1 at 1). Plaintiffs respond that their failure to serve Sgt. Anyaele

---

[1] *See, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (Interpreting Rule 4(m) and explaining that "the first clause indicates that the court has discretion to choose one of these options" — dismissal or extension. "As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service."); *Espinoza v. U.S.*, 52 F.3d 838, 840 (10th Cir. 1995) (Rule 4(m) "broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause"); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (same); *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (same); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (same); *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (same); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) (same); *Giacomo-Tano v. Levine*, 199 F.3d 1327, at *1 (4th Cir. 1999) (same).

results from Defendants' refusal to waive service (R. Docs. 11, 12, 13, 14), and efforts to evade service of process, in spite of Plaintiffs' good faith efforts. (R. Doc. 76).

The Court agrees with Plaintiffs to the extent the record supports their consistent good faith attempts to serve Defendants, including Sgt. Anyaele, by: (1) executing waivers of service (R. Docs. 11-14); (2) moving the Court to extend the time for making service (R. Docs. 10, 49); (3) submitting multiple summons (R. Docs. 6, 18, 24, 28, 41-43, 66) that were returned unexecuted (R. Docs. 19, 34, 54); (4) requesting that service be made by the U.S. Marshals (R. Docs. 15, 22); (6) and seeking discovery of the names and locations of any unidentified Defendants (R. Doc. 22). Largely, Plaintiffs efforts to effect service were unsuccessful because they did not know the correct spelling of certain Defendants' names, including Sgt. Anyaele, (R. Doc. 19) until receiving Defendants' February 26, 2014 (R. Doc. 31) and March 13, 2014 (R. Doc. 32) discovery responses.

After receiving the full names of the unidentified Defendants, Plaintiffs were able to successfully serve MSgt. Landry, Lt. Nortsworthy and MSgt. Jackson at DCI on April 24, 2014. (R. Docs. 55-57). Plaintiffs remained unable to serve Sgt. Anyaele, however, because he is no longer employed DCI. (R. Doc. 76 at 3); (R. Doc. 10 at 2). It appears Plaintiffs were unable to learn Sgt. Anyaele's location for service until recently (R. Doc. 66), despite the fact that Sgt. Anyaele was recently employed by DCI and is already represented in this case by the same DCI counsel representing the other Defendants. After learning his apparent home address, Plaintiffs submitted an additional summons on June 11, 2014 to serve Sgt. Anyaele at that address. (R. Doc. 66). To date, however, it is unclear whether service has been perfected on Sgt. Anyaele at this new address. (R. Doc. 66).

Considering the particular facts of this case, the Court finds Plaintiffs' repeated, albeit unsuccessful, efforts to serve Defendants, including Sgt. Anyaele, satisfies the good cause standard under Rule 4(m). *See Moore v. Agency for Internal Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (finding good cause, in part, based on plaintiff's "two attempts to serve the defendants who had notice of the suit and were represented by counsel"). And so, the Court must allow Plaintiffs additional time to effect service on Sgt. Anyaele.

## IV.    CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Dismiss (R. Doc. 68) Sgt. Babington Anyaele under Rule 4(m) is **DENIED**. Additionally, Plaintiffs have **30 days** from the date of this Order to perfect **service** on Sgt. Babington Anyaele.

Signed in Baton Rouge, Louisiana, on October 17, 2014.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**