# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GABRIEL KLEINPETER                                          CIVIL ACTION
AND WADE ESTEVE

VERSUS                                                      NO. 13-357-JWD-RLB

TYRONE KILBOURNE AND
WARDEN STEVEN RADAR, et al.

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the recommended findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 6, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

GABRIEL KLEINPETER                                        CIVIL ACTION
AND WADE ESTEVE

VERSUS                                                    NO. 13-357-JWD-RLB

TYRONE KILBOURNE AND
WARDEN STEVEN RADAR, et al.

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

On referral from the district court is a Motion to Dismiss under Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Warden Steven Radar. (R.

Doc. 38). Defendant filed the Motion on April 15, 2014.[1] As of this Report and

Recommendation, Plaintiffs have not filed any response or opposition. For the reasons given

below, this Court recommends that Defendant's Motion to Dismiss be **GRANTED**.

## I.     BACKGROUND

This is an action for constitutional violations made actionable by 42 U.S.C. § 1983 and

for violations of state law.[2] Plaintiffs, Gabriel Kleinpeter and Wade Esteve, are inmates housed

---

[1] The Motion to Dismiss was referred to the undersigned on September 18, 2014. (R. Doc. 78). An Amended
Complaint was filed on October 17, 2014 to correct the names of certain Defendants. (R. Doc. 80). The Amended
Complaint did not effect any substantive changes.

[2] Plaintiffs' Complaint vaguely references "state law claims." (R. Doc. 80 at 1). While Plaintiffs mention certain
state regulations they claim were disregarded by Defendants (R. Doc. 80 at 9-11), the Complaint does not assert any
private causes of action under those state regulations, or otherwise assert claims of relief for violations of state law.
In fact, Plaintiffs' only claims for relief are brought under 42 U.S.C. § 1983 for violations of their rights secured by
the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. (R. Doc. 80). Moreover, it
appears the state regulations are more likely described by Plaintiffs to show the alleged unreasonableness of
Defendants' conduct in violating Plaintiffs' federal constitutional rights, or to establish a state-created interest
protected by the Due Process Clause. *See Williams v. Treen*, 671 F.2d 892, 899-900 (5th Cir. 1982) ("If an official's
conduct contravenes his own state's explicit and clearly established regulations, a subjective belief in the lawfulness
of his action is per se unreasonable."); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756-57 (2005) (state
law may create an interest entitled to due process).

at Dixon Correctional Institute (DCI). (R. Doc. 80 at 2). Plaintiffs named as Defendants the following state officers employed by DCI at the relevant time: MSgt. Tyrone Kilbourne, Warden Steven Radar, MSgt. Kerrick Jackson, MSgt. David Landry, Sgt. Babington Anyaele, and Lt. James Nortsworthy. (R. Doc. 80 at 2-3).

The Complaint contains the following factual allegations. On October 28, 2012, Plaintiffs were allegedly pulled from their cells before being verbally and physically abused without reason by Defendants Kilbourne, Landry, Jackson, and Anyaele.[3] (R. Doc. 80 at 4). Following this event, Plaintiffs allege that "Major Moore brought [Plaintiff] Kleinpeter into the office and asked him what happened." (R. Doc. 80 at 5). While never explicitly stated in the Complaint, it seems that Plaintiff Kleinpeter soon filed Administrative Remedy Procedures (ARPs) against some (or possibly all) of the allegedly abusive Defendants. (R. Doc. 80 at 5).

On December 17th and 21st, Plaintiffs claim that Defendant Nortsworthy and Major Moore[4] "urged Plaintiff Kleinpeter to dismiss his ARPs[;] when he refused he was sprayed with chemicals." (R. 80 at 5). Additionally, the Complaint alleges that Defendant Nortsworthy threatened further retaliation against Plaintiff Kleinpeter as Defendants Kilbourne and Anyaele were terminated after the filing of Plaintiff Kleinpeter's ARPs. (R. Doc. 80 at 6). Plaintiffs further suggest that Defendant Nortsworthy sprayed Plaintiff Kleinpeter with chemicals and threatened to place him on suicide watch as retaliation for filing the ARPs. (R. Doc. 80 at 6). Following these incidents, Plaintiffs allegedly requested a transfer to a different institution "to get away from the Defendants." (R. Doc. 80 at 7). The Complaint does not indicate to whom the

---

[3] The original Complaint incorrectly referred to Defendant Babington Anyaele as "Sgt. Andyelle." (R. Doc. 1 at 2). Although Plaintiffs filed an Amended Complaint to correct the spelling of Defendant Anyaele's name, Plaintiffs only corrected the error in the caption of the Amended Complaint. (R. Doc. 80). Otherwise, Defendant Anyaele is incorrectly referred to as "Andyelle" throughout the body of the Amended Complaint.

[4] The Complaint makes several references to Major Moore, a non-party, without ever explaining his role or authority at DCI in relation to the named Defendants.

transfer request was made or when it was made. Plaintiffs claim the conduct of Defendants Nortsworthy, Kilbourne, Landry, Jackson, and Anyaele amounts to retaliation, excessive force and corporal punishment in violation of their constitutional rights. Plaintiffs further contend that this conduct was unreasonable as the use of corporal punishment is prohibited by state regulations, in particular Louisiana Revised Statute 15:829. (R. Doc. 80 at 8).

Concerning their claims against Defendant, Warden Steven Radar, Plaintiffs suggest Defendant Radar violated their constitutional rights because he "refused to assist with a transfer and refused to take appropriate action against Defendants [Nortsworthy, Kilbourne, Landry, Jackson, and Anyaele] to stop the harassment." (R. Doc. 80 at 7). Plaintiffs contend that Defendant Radar is "well aware" that Defendants Kilbourne and Anyaele "have a history of repeated brutality and harassment of inmates . . . but he has done nothing to protect the constitutional rights of the Plaintiffs." (R. Doc. 80 at 7). Plaintiffs then confusingly alleged that Defendants Kilbourne and Anyaele were terminated following the incident at issue here. Equally as confusing, Plaintiffs explain that whether these Defendants "have committed the same acts on other inmates [] is unknown . . . ." (R. Doc. 80 at 8). Despite all of this, Plaintiffs suggest that Defendant Radar "has never investigated any of the complaints against Kilbourne which demonstrates callous disregard for the violation of constitutional rights." (R. Doc. 80 at 8). At no point do Plaintiffs specify which of their constitutional rights were allegedly violated by Defendant Radar.

Plaintiffs seek monetary relief against all of the named Defendants for their alleged physical pain and suffering, physical injuries, emotional distress, embarrassment, medical bills, future lost wages, litigation expenses, and attorney's fees. (R. Doc. 80 at 14).

After answering the Complaint (R. Doc. 21), Defendant Radar filed the instant Motion to Dismiss Plaintiffs' claims against him under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 38).  According to Defendant Radar, dismissal is appropriate because Plaintiffs have sued Defendant Radar in his official capacity; as such, their claims against Defendant Radar are really claims against the state, which are barred by the Eleventh Amendment. (R. Doc. 38-1 at 3-8).  Second, Defendant argues that there "are no personal acts or any allegations in the complaint against Warden Radar . . . . The allegations in the complaint deal with the actions of Warden Radar's subordinates *vis-à-vis* [the] actions of other corrections guards in the alleged violation of inmate Kleinpeter's and Esteve's constitutional rights." (R. Doc. 38-1 at 1-2).  Because supervisory liability is not a cognizable claim under § 1983, any causes of action against Defendant Radar in his personal capacity should also be dismissed.

## II.     APPLICABLE LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of an action if the court lacks subject matter jurisdiction over the plaintiff's claim.  Motions brought under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  However, the burden of proving subject matter jurisdiction is on the party asserting jurisdiction.  In this case, Plaintiffs bear the burden of establishing that this Court has subject matter jurisdiction over their claims against Defendant Radar.

A Rule 12(b)(1) motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).  Rule (12)(b)(6) allows for the dismissal of a complaint if it fails to "state a claim upon which relief can be granted."  Dismissal is appropriate "only if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v.*

*Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).  In assessing a motion to dismiss, the court

"may not look beyond the pleadings" and must "accept all well-pleaded facts as true" in a "light

most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

## III.    DISCUSSION

In their Complaint, Plaintiffs do not indicate the capacity in which they are suing

Defendant Radar, or any other Defendant.  Plaintiffs have likewise failed to respond to

Defendant's Motion to Dismiss.  In the interest of fairness, the Court will analyze Plaintiffs'

claims against Defendant Radar as if he were sued in both his official and individual capacities.

### A.    Plaintiffs' Official Capacity Claims are Barred by the Eleventh Amendment

The Eleventh Amendment bars a state's citizens from filing suit against the state in

federal court unless the state has waived its immunity. *Cozzo v. Tangipahoa Parish Council—*

*President Government*, 279 F.3d 273, 280 (5th Cir. 2002).  The Fifth Circuit has noted:  "By

statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity

regarding suits in federal courts." *Cozzo*, 279 F.3d at 281 (citing La. Rev. Stat. § 13:5106(A)).

Similarly, a suit for retrospective relief against a state official in his official capacity is actually a

suit against the state itself, and likewise barred by the Eleventh Amendment. *Hafer v. Melo*, 502

U.S. 21, 25 (1991).

Based on these principles of law, Plaintiffs' suit against Defendant Radar is really one

against the state, and is barred by the Eleventh Amendment.  Plaintiffs only seek relief in the

form of monetary damages for past harms.  In other words, the relief sought is retrospective in

nature.  Therefore, any claim for either state or federal violations against Defendant Radar in his

official-capacity is barred by the Eleventh Amendment. *See, e.g., Williams v. Thomas*, 169 F.

App'x 285, 286 (5th Cir. 2006).  The state Defendant did not consent to suit in this forum

through removal or otherwise waive its sovereign immunity from suit in federal court. *See*

*Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 256 (5th Cir. 2005) (state waives its Eleventh

Amendment sovereign immunity by removing case to federal court).

Because Plaintiffs' official capacity claims against Defendant Radar are barred by the

Eleventh Amendment, the Court does not have subject matter and dismissal is appropriate under

Rule 12(b)(1).

### B.        Plaintiffs' Personal Capacity Claims are Insufficient

Any claims for retrospective relief against Defendant Radar in his individual capacity

would not be barred by the Eleventh Amendment.  Therefore, if Plaintiffs intend to sue

Defendant Radar in his individual capacity, those § 1983 claims may only be dismissed if they

"fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Because

Plaintiffs' constitutional claims are before the Court "on a motion to dismiss for failure to state a

claim," the question is "not whether [Plaintiffs] will ultimately prevail" on their constitutional

claims, "but whether [their] complaint was sufficient to cross the federal court's threshold."

*Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002).

Section 1983 only holds state officials liable for their own conduct, not that of their

subordinates. *See Coleman v. Houston Ind. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).  Any

allegation that Defendant Radar is responsible for the actions of his subordinate officers or co-

employees under a theory of vicarious liability is alone insufficient to state a claim under § 1983.

S*ee Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Monell v. Dep't of Soc. Servs. of New*

*York*, 436 U.S. 658, 691 (1978)); *see also Bell v. Livingston*, 356 F. App'x 715, 716-17 (5th Cir.

2009) ("A supervisor may not be held liable for a civil rights violation under any theory of

*respondeat superior* or vicarious liability."). Even still, a supervisor may incur liability for constitutional deprivations inflicted by his subordinates when his deliberate indifference or tacit compliance contributed to the violation. *Lopez v. Houston Ind. Sch. Dist.*, 817 F.2d 351, 355 (5th Cir. 1987); *see also Poola v. Marcantel*, 565 F.3d 721 (10th Cir. 2009) (supervisor may be liable when an affirmative link exists between his personal participation or exercise of control and the deprivation); *Gennusa v. Shoar*, 879 F. Supp. 2d 1337, 1345 n.5 (M.D. Fla. 2012) (supervising officer was liable for subordinate's unlawful warrantless seizure of plaintiff's property where he instructed the subordinate to do so).

Here, Plaintiffs have not alleged any personal conduct by Defendant Radar causing the depravation of constitutional rights alleged. Instead, the actual conduct complained of was that of Defendant Radar's subordinates. After describing the personal acts of these subordinates, Plaintiffs summarily claim that Defendant Radar knew of Defendant Kilbourne's and Defendant Anyaele's histories of violence, but failed to take any corrective measures. Plaintiffs have not, however, described any such history of violence and admit to not being aware of any particular instances. (R. Doc. 80 at 12). Plaintiffs have likewise not pled any facts that, if proven, would show Defendant Radar's knowledge of the alleged violence or any facts that would otherwise indicate a failure in the performance of his duties as a supervisor. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (an official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk).

Plaintiffs' claim that Defendant Radar violated their constitutional rights by failing to investigate the allegations made against Defendants Kilbourne and Anyaele is also insufficient to state a claim. Not only is this allegation conclusory, "the law is clear in this Circuit that an inmate is not constitutionally entitled to an investigation or to a favorable response to his administrative claims." *Doolittle v. Holmes*, 2010 WL 22552, at *5 (M.D. La. Jan. 4, 2010); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (no constitutionally protected right to have complaints against prison officials investigated or resolved to inmate's satisfaction). In the absence of any constitutionally protected right, Plaintiffs' claim must fail as a matter of law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (to state a claim for relief under § 1983, a plaintiff must alleged the deprivation of a right protected under the constitution or laws of the United States).

Likewise, Plaintiffs' conclusory allegations that Defendant Radar has not permitted them to transfer to a different penal institution is insufficient to state a claim under § 1983. To begin, inmates generally do not have a constitutionally protected right to choose the location of their confinement. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . . The conviction has sufficiently extinguished the [inmate's] liberty interest to empower the State to confine him in *any* of its prisons."); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("a prisoner has no liberty interest in being housed in any particular facility"); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) ("generally speaking, a prisoner has no liberty interest in his custodial classification"). Therefore, no constitutional rights are implicated by Plaintiffs' allegations that their requests for transfers went unnoticed. *See, e.g.*, *Colbert v. Spinner*, 2005 WL 1630519, at

*1 (W.D. La. June 8, 2005) ("there is no Civil Rights violation, when the complaint is based solely on a transfer or lack of a transfer").

Beyond the failure to implicate any constitutionally protected interest, absent from the Complaint is any allegation that a transfer request was in fact made to Defendant Radar. Plaintiffs likewise do not include a description of those requests, nor do they allege that Defendant Radar would have authority to grant any transfer request. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988) (plaintiff may establish liability of a supervisor based on an isolated decision if the decision was made by an authorized policymaker with final authority).

Plaintiffs' conclusory allegations in the Complaint that Defendant Radar is responsible for the personal acts of his subordinates are insufficient to state a claim under § 1983. Therefore, dismissal of any claim against Defendant Radar in his individual capacity is warranted under Rule 12(b)(6). *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

## IV.    RECOMMENDATION

For the reasons given above, the Court recommends that Defendant's Motion to Dismiss (R. Doc. 38) be **GRANTED** and that Plaintiffs' claims against Warden Steven Radar be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on January 6, 2015.


_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE